IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MOUNTAIN CREST SRL, LLC,

        Plaintiff,

 v.

ANHEUSER-BUSCH InBEV SA/NV,
individually and as successor to InBev SA/NV and
Interbrew S.A. and MOLSON COORS BREWING
COMPANY, individually and as successor to Molson
Canada Inc.,

        Defendants.

OPINION and ORDER

17-cv-595-jdp

---

Plaintiff Mountain Crest SRL, LLC, which owns and operates Minhas Brewery in Monroe, Wisconsin, sued defendants Anheuser-Busch InBev SA/NV (ABI) and Molson Coors Brewing Company (Molson Coors) for alleged anticompetitive behavior in Ontario, Canada. The court granted defendants' motion to dismiss and entered judgment. Now Mountain Crest moves for reconsideration of a portion of the decision concluding that Mountain Crest failed to plausibly allege that defendants violated federal antitrust law by conspiring to harm Mountain Crest through various marketing and distribution practices in beer stores in Ontario. Plaintiff doesn't contend that the court erred in concluding that its allegations failed to state a plausible claim, but it asks the court for an opportunity to file an amended complaint that attempts to address the defects in the complaint. Dkt. 108.

The court already addressed this question in the order granting defendants' motion to dismiss:

> When a plaintiff fails to plead adequate facts, the general rule is that a plaintiff should have at least one opportunity to amend its complaint. But Mountain Crest has already amended its complaint twice. See Dkt. 30 and Dkt. 49. It did not ask for leave

> to amend its complaint after the remand, and it does not request leave to amend now. Under these circumstances, the court sees no reason to give Mountain Crest leave to replead. *See Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 829 (7th Cir. 2019) (plaintiffs "have never requested leave to amend," so "[t]hey . . . waived any right to replead"). The court will dismiss these claims with prejudice.

Dkt. 106, at 20.

Mountain Crest ignores this portion of the court's order. Instead, Mountain Crest contends that the court should allow amendment under Federal Rule of Civil Procedure 15, using the same liberal standard that governs a motion for leave to amend before judgment is entered. But even under Rule 15, a plaintiff isn't entitled to limitless number of opportunities to amend. *See Adams v. City of Indianapolis,* 742 F.3d 720, 734 (7th Cir. 2014); *U.S. ex rel. Fowler v. Caremark RX, LLC,* 496 F.3d 730, 740 (7th Cir. 2007). This case is three years old, and plaintiff has already amended its complaint twice, both times in response to defendants' contentions that Mountain Crest's conspiracy allegations against the defendants were deficient. *See* Dkt. 30 and Dkt. 49. And, as defendants point out, Mountain Crest expressly declined to amend its complaint after the remand, even after *defendants* suggested that it should. *See* Dkt. 118-1 ("[I]t does not make procedural sense for us to address our remaining dismissal arguments to the pending complaint if you plan to further amend it."). And even after defendants asked for dismissal with prejudice in their motion to dismiss, Mountain Crest *still* didn't ask for leave to replead in its opposition brief.

This case raises complex issues and generated substantial briefing. Mountain Crest's proposed amended complaint is more than 300 pages long. *See* Dkt. 110-1. Mountain Crest says that this is its first opportunity to address the shortcomings identified by the court in its order, but the court isn't persuaded that its order raised any surprise to Mountain Crest.

2

Mountain Crest has had numerous opportunities to correct the defects in its complaint, but it declined to do so earlier. Under these circumstances, the court concludes that Mountain Crest isn't entitled to hit the reset button again.

ORDER

IT IS ORDERED that plaintiff Mountain Crest SRL, LLC's motion to alter or amend the judgment and for leave to amend the complaint, Dkt. 108, is DENIED.

Entered September 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge